JOHN L. BURRIS, Esq., SBN 69888
BENJAMIN NISENBAUM, Esq., SBN 222173
JAMES COOK, Esq., SBN 300212
KATHERINE MACELHINEY, Esq., SBN 355532
KRITHI BASU, Esq., SBN 359258
**Burris, Nisenbaum, Curry & Lacy, LLP**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@bncllaw.com
Ben.Nisenbaum@bncllaw.com
James.Cook@bncllaw.com
Katherine@bncllaw.com
Krithi.Basu@bncllaw.com

Attorneys for Plaintiff, Jonathan Smith

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SMITH, individually,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ANTIOCH, a municipal corporation; STEVEN FORD, individually and in his official capacity as police chief for the CITY OF ANTIOCH; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br><br>DEMAND FOR JURY TRIAL |

### INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution. It is alleged that these violations were committed during the course and scope of the above-mentioned law enforcement

officers' employment with the aforementioned government agencies and DOES 1-100.

## JURISDICTION AND VENUE

2. This action arises under Title 42 of the United States Code, §§ 1981, 1983, and 1985. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in California, which is within the judicial district of this Court. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

3. Plaintiff JONATHAN SMITH ("SMITH" or "PLAINTIFF") has been and is a resident of California and a United States Citizen. He brings this action on his own behalf.

4. Defendant CITY OF ANTIOCH ("CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY OF ANTIOCH Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY was the employer of the herein named individual Defendants, including but not limited to defendant officers DOES, and Chief FORD, individually and as peace officers.

5. Defendant former CITY POLICE CHIEF STEVEN FORD ("FORD"), at all times mentioned herein, was employed by Defendant CITY as the Chief of Police for the defendant CITY, and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as the former Chief of Police for the CITY. Plaintiff alleges Defendant FORD was the ultimate policymaking authority for the Defendant CITY'S Police Department, and at all relevant times was aware of the unconstitutional conduct of the

police officers he employed, their use of excessive force as set forth herein, the widespread acceptance within the Antioch Police Department of unconstitutional actions by Antioch police officers as set forth in the instant Complaint, and furthermore failed to take any remedial measures. FORD expressly and/or tacitly tolerated, encouraged and ratified the repeated and widespread pattern and practice of Unconstitutional actions by Defendant CITY OF ANTIOCH police officers as set forth herein.

6. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 100 inclusive, and therefore sue these defendants by such fictitious names. Plaintiff is informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-100, inclusive, when they have been ascertained. Plaintiff alleges that each of Defendants DOES 26 through 100 was responsible for the training, supervision, and/or conduct of the Defendant Officers and/or agents involved in the conduct herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## FACTUAL ALLEGATIONS

7. The incident occurred on July 2, 2023 at approximately 3:48 A.M. Officers for the Defendant CITY'S Police Department used excessive force in the arrest of Plaintiff, JONATHAN SMITH.

8. On the date of the incident Mr. SMITH was having trouble sleeping due to anxiety and grief associated with the death of a family member, and decided that he needed to go out to get some fresh air. Mr. SMITH parked his vehicle at the Antioch Target parking lot and walked a short distance to a 7-Eleven convenience store. CITY police officers (DOES 1-25) approached Mr. SMITH and ordered him to stop and sit on the ground. SMITH informed the officers he intended to film the encounter with his cell phone. Defendant Officers DOES 1-25 told SMITH that he could not film them.

9. Defendant Officers DOES 1-25 grabbed Mr. SMITH'S arms, put him into a control hold, and utilized other pain compliance maneuvers. Officers DOES 1-25 grabbed Mr. SMITH on his biceps and ankles. Defendants DOES 1-25 then slammed Mr. SMITH onto the ground. Mr. SMITH did not resist. SMITH asked Defendant Officers why he was being arrested. Defendant Officers (DOES 1-25) delivered knee strikes to SMITH'S body and kneeled on SMITH's back as they restrained him. Defendants DOES 1-25 then lifted Mr. SMITH off the ground by only his handcuffed wrists, causing SMITH'S shoulders, arms, and wrists to overextend painfully.

10. The force deployed by Defendant Officers DOES 1-25 caused Mr. SMITH to suffer serious injuries, including but not limited to a broken L-5 S-1 (lumbosacral) plate, requiring surgery.

11. Plaintiff is informed and believes, and hereon alleges that officers for the Defendant CITY, including but not limited to Defendants DOES 1-100, individually and/or while acting in concert with one another, engaged in a pattern and practice of discriminatory conduct towards minority communities by subjecting them to more frequent and aggressive policing than similarly situated individuals of a different race, by using racial slurs, excessive force, and harassment tactics, and by denying them the same level of protection and services afforded to individuals of a different race. These civil rights violations and/or misconduct included, but was not limited to, assaults, beatings, false arrests, unreasonable searches and seizures, intimidation, kidnapping, falsifying reports, denial of equal protection, racial discrimination, conspiracy to violate civil rights and/or other misconduct based on race and/or gender. As a result, Plaintiff and persons similarly situated to him, were subjected to unequal treatment, civil rights violations, and other misconduct by CITY police officers (DOES 1-100).

12. Between, at least, the years 2019 to 2022, officers and employees of Defendant CITY'S Police Department exchanged hundreds of vile and despicable text messages which were circulated amongst nearly half of the Department and involved supervising and command staff. The communications contained braggadocious descriptions of CITY officers using excessive force and violating constitutional rights. In these text messages, CITY police officers regularly

referred to citizens as "niggers," "niggas," "monkeys," "gorillas," "faggots," "cunts," and other racial and sex-based epithets. Furthermore, CITY officers celebrated the violent targeting of Black community members (e.g., "we just ran down a monkey"; "I'm only stopping them cuz they black [sic]"; "I'll bury that nigger in my fields.") Appallingly, at least 45 CITY officers, including but not limited to Defendant Officers DOES, participated in or were aware of this misconduct and did nothing. The racist, homophobic, and sexually derogatory language and images communicated between CITY officers including but not limited to DOES 1-100 demonstrates their racial bias and animus towards people of color in the community.

13. The widespread abuse by the majority of Defendant CITY'S Police Department highlights a pattern and practice of discriminatory law enforcement based on race and gender. The abuses in question were the product of a culture of discriminatory policing cultivated, maintained, and tolerated by Defendant CITY, by and through its officials including but not limited to Defendants FORD, and DOES 26-100, who have routinely acquiesced in the misconduct and otherwise failed to take necessary measures to curtail and prevent it.

14. At all relevant times, Defendants CITY, FORD, and/or DOES 26-100 had actual and/or constructive notice that its policy and training failures were substantially certain to result in constitutional violations similar to those suffered by Plaintiff, but despite having such notice, consciously or deliberately chose to disregard the obvious risk of harm. Defendants FORD, and/or DOES 1-100 failed to take the necessary steps to prevent Defendants DOES 1-25, and other CITY officers from using inappropriate tactics, including excessive force and unreasonable stops, searches, and seizures. Despite the repeated and frequent nature of the misconduct and civil rights violations committed by CITY police officers, including the incident subject to this lawsuit, high ranking CITY officials including but not limited to Defendants FORD, and DOES 1-100, failed to take any or appropriate remedial action.

## DAMAGES

15. Plaintiff was physically, mentally, emotionally, and financially damaged as a result of Defendants' egregiously violent conduct.

16. As a direct and proximate result of the acts and omissions of Defendants described herein, Plaintiff suffered damages, in an amount to be determined according to proof, including but not limited to physical injuries requiring ongoing medical treatment, immediate and ongoing severe and extreme emotional distress, fear, anxiety, loss of personal reputation, embarrassment, loss of physical liberty, trauma, humiliation, and the deprivation of her State and Federal Constitutional rights to be free from unreasonable searches and seizures, to be free from unreasonable and unnecessary uses of force, and to be free from bodily restraint and harm, and from personal insult and injury to personal relations, as guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution.

17. Plaintiff additionally suffered financial damages including but not limited to medical expenses, loss of income, and loss of wages.

18. Defendants' conduct was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against all non-municipal Defendants, in their individual capacities. Defendants acted maliciously with an intent to harm Plaintiff unrelated to legitimate law enforcement purposes in brutalizing and arresting Plaintiff, all without cause, and given all of the options short of using force.

19. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code §1988.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983)**
**(Plaintiff Against Defendants DOES 1 - 25)**

20. The foregoing allegations are realleged and incorporated herein.

21. In doing the acts complained of herein, Defendants DOES 1-25, individually and/or while acting in concert with one another, did act under color of state law to deprive PLAINTIFF as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable police use of force in violation of the Fourth Amendment;

b. The right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

22. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (*Monell* - 42 U.S.C. § 1983)
### (Plaintiff Against Defendant CITY, FORD, and DOES 1-100)

23. The foregoing allegations are realleged and incorporated herein.

24. Defendants CITY, FORD, and/or DOES 26-100, through their employment with Defendant CITY, were at all times relevant hereto the final policy-makers for Defendant CITY'S Police Department, and acted under color of law.

25. Defendant Officers DOES 1-25 acted under color of state law as police officers when they engaged in the above-described conduct against PLAINTIFF, and deprived PLAINTIFF of his Fourth and Fourteenth Amendment rights under the United States Constitution. Defendant Officers' use of excessive force arose under circumstances that constitute a usual and recurring situation faced by CITY police officers.

26. The acts and/or omissions by Defendant Officers DOES 1-25 taken against PLAINTIFF alleged herein are indicative and representative of a repeated course of conduct by members of the Defendant CITY'S Police Department tantamount to a custom, policy, or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.  PLAINTIFF's constitutional rights were violated as a result of customs, policies, patterns and/or practices of Defendants CITY, FORD, DOES 261-100, and each of them. Such policies, customs and patterns and practices include, but are not limited to, deliberate indifference in the hiring, supervision, training, and discipline of members of the Antioch Police Department, including Defendant Officers DOES 1-100, and/or each of them.

As s a result, DEFENDANTS engaged in repeated and serious acts of misconduct and civil rights violations against citizens living, visiting, and/or traveling in Antioch.

27. Plaintiff is further informed and believes, and thereon alleges that despite the repeated and frequent nature of the misconduct and civil rights violations committed by Defendants DOES 1-25, high ranking CITY OF ANTIOCH officials and/or police department supervisors, including but not limited to former Police Chief FORD and DOES 26-100, and each of them, individually and/or acting in concert with one another, expressly endorsed and/or failed to take any or appropriate remedial action prior to the subject incident involving PLAINTIFF.

28. Plaintiff's damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision, and/or discipline of members of the CITY'S Police Department. Plaintiff is further informed and believes, and thereon alleges that the damages and injuries alleged herein were caused by the customs, policies, patterns, or practices within the Defendant CITY, by Defendants FORD, DOES 26-100, and each of them, with deliberate indifference in the training, supervision, and/or discipline of CITY officers including, but not limited to Defendant Officers DOES 1-25, and/or each of them.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants DOES 1-100, or each of them;

4. Any and all permissible statutory damages;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: July 2, 2025                               **Burris Nisenbaum Curry and Lacy, LLP**

*/s/ John L. Burris*
John L. Burris
Benjamin Nisenbaum
James Cook
Katherine MacElhiney
Krithi Basu
Attorneys for Plaintiff Jonathan Smith